# THIRD DISTRICT, 1901.

JAMES C. FRAZIER v. WACO BUILDING ASSOCIATION.

Decided March 6, 1901.

1.—Evidence—Trespass to Try Title—Abstract—Execution—Variance.

It was not a variance that an alias execution offered in evidence was ·described in plaintiff's abstract of title as "an execution."

2.—Execution—Levy—Description—Latent Ambiguity.

A description of property levied on, in the return of an execution, as lots 1, etc., "in block 7 of East Waco, situated on the northwest side of Elm street," ·etc., was sufficient to admit parol evidence to identify it, though there appeared to be other lots and blocks in East Waco bearing the same numbers and lying in a northwest direction from Elm street, but not on such street.

3.—Same—Sheriff's Deed—Description—Parol Evidence.

Parol evidence is admissible to remove a latent ambiguity in the description ·of the land conveyed in a sheriff's deed, as in case of other conveyances.

4.—Description of Land—Petition—Variance.

It does not create a variance that the description of land sued for in the petition contains particulars not embraced in that given by the instruments ·offered in evidence.

5.—Trespass to Try Title—Common Source.

A plaintiff deraigning title from the defendant through a sheriff's sale was not bound to go back of defendant in his proof of title.

6.—Franchise Tax—Right of Corporation to Sue—How Questioned.

The question of want of right of a plaintiff corporation to sue because of failure to pay its franchise tax can not be raised for the first time on motion for new trial.

Appeal from McLennan, Nineteenth District. Tried below before Hon. Marshall Surratt.

*James I. Moore,* for appellant.

*L. W. Campbell,* for appellee.

FISHER, CHIEF JUSTICE.—The appellee, Waco Building Association, who was the plaintiff below, filed its suit in the usual form of trespass to try title against appellant and several other defendants, on the 29th day of June, 1899, and on November 24, 1899, filed its first amended original petition, pleading specially its title to the land in controversy, on which trial was had, and in which appellee alleged that it was a corporation duly incorporated under the laws of the State of Texas, with its office and place of business in Waco, McLennan County, Texas. That on the 14th day of May, 1897, it recovered a judgment

in cause No. 5726, in the Nineteenth District Court of McLennan. County, Texas, against James C. Frazier and other defendants in said suit, for a large sum of money, which judgment was still unsatisfied and unpaid. That on May 15th it caused an abstract of said judgment to be· made out, filed, and recorded, and indexed in the judgment records of McLennan County, Texas, alleging and claiming a judgment lien on the land sued for. That afterwards, on July 5, 1897, it caused to be·issued on said judgment an alias execution, which alias execution was delivered to the sheriff of McLennan County, Texas, and by him on same day was levied upon a number of pieces of real estate, among others being the· following, which was levied upon as the property of the defendant James C. Frazier: "Lots Nos. one (1), two (2), three (3), four (4), and five (5), in Block No seven (7), situated in East Waco, McLennan County, Texas, on the northwest side of Elm street, in what is known as Renick's addition to the city of Waco and sometimes called the Railroad addition to the city of Waco." That pursuant to said levy sale was. made of said lots, and the same were bid in by appellee and deed executed to it therefor, which deed was dated October 4, 1897, and acknowledged November 5,.1897, and was duly recorded in the deed records of McLennan County, Texas. That on November 10, 1897, it caused to be issued on said judgment another alias execution, which was, on November 24, 1897, levied upon the same property described above. That the reason-- able rental value of said property was $100 per month, and that appel- lant had been receiving the rents since the date of its deed; and referred to and made a part of its amended petition the abstract of title pre- viously filed in the cause and prayed for judgment for the restitution of the premises sued for and for rents and cost. And in the event it should be held not to be entitled to restitution of the premises, it prayed for foreclosure of its judgment and execution lien and for general relief. (On the trial of the cause appellee relied entirely upon its title and aban-- doned its prayer for foreclosure of its judgment and execution lien.)

The defendants other than Frazier disclaimed all interest in the prem- ises sued for and were allowed judgment against appellee for their costs,. and do not, therefore, join in this appeal.

Defendant James C. Frazier, on February 1, 1900, filed his first. amended original answer, setting up (1) general demurrer, (2) plea of not guilty, and (3) set up and claimed the premises sued for as his. homestead, alleging his former occupancy of the premises ·as a home-- stead with his family; that he claimed the same as a homestead; that he had no other homestead then; that he had never procured any other homestead; that he never left the premises sued for with the intention of abandoning them as a homestead; and that he had never abandoned said premises and that he still claimed the same as a homestead, and prayed for a decree of court declaring the premises sued for to be his home- stead and to be exempt from sale under the judgment of appellee, and that the sale heretofore made of the premises be set aside and the deed.

made to appellee be canceled and annulled and the cloud upon appellant's title cast by said sale and deed be removed.

On the issues thus formed, on May 28, 1900, the cause went to trial before a jury, and resulted in a verdict and judgment for appellee for the land sued for under a peremptory charge of the court.

We find the following facts: Plaintiff introduced and read in evidence a certified copy of a judgment of the Nineteenth District Court of McLennan County, Texas, rendered on the 14th day of May, 1897, in cause No. 5726, entitled Waco Building Association v. James I. Moore et al. The other defendants in said cause being Thomas Moore, John Moore, T. P. Moore, Luke Moore, Bart Moore, and defendant James C. Frazier, said judgment against the defendants James I. Moore, Thomas Moore, T. P. Moore, Luke Moore, Bart Moore, and J. C. Frazier for the sum of $17,002.72, and against James I. Moore, John Moore, Tom P. Moore, Luke Moore, Bart Moore, and James C. Frazier for $14,610.18, and against James I. Moore, John Moore, T. P. Moore, Luke Moore, and Bart Moore for $3979.52; all said sums bearing interest from date at 6 per cent per annum, which judgment is recorded in volume U, on pages 289, et seq., one of the minute books of said Nineteenth District Court.

2. An alias execution based on said judgment dated July 5, 1897, issued by the clerk of this court, with the return of the sheriff indorsed thereon, showing it came to his hands on the 5th day of July, 1897, and was on same day levied upon certain property described in said return; among the list of the property thus set out and described is the following, which said return shows to have been levied upon as the property of defendant Jas. C. Frazier, to wit: "Lots 1, 2, 3, 4, and 5 in block 7, of the plat of East Waco, situated on the N. W. side of Elm street in said East Waco, McLennan County, Texas," said alias execution being further indorsed showing the property above described to have been advertised according to law for the time and in the manner required for such sales, and the sale of the same at the courthouse door in Waco, McLennan County, Texas, on Tuesday, the 4th day of October, 1897, when the same was struck off to the Waco Building Association, the plaintiff in this cause, for the sum of $1900; and said alias execution was returned so indorsed and unsatisfied as to the remainder due thereon, said return being signed "J. W. Baker, sheriff McLennan County, Texas, by J. H. Lockwood, deputy."

3. An affidavit of L. W. Campbell, attorney for plaintiff, setting up the loss of the original deed made to plaintiff by J. W. Baker, sheriff of McLennan County, Texas, dated October 4, 1897, said affidavit being dated December 1, 1899, and filed among the papers of this cause on the 2d day of December, 1899.

4. An abstract of the judgment of the Nineteenth District Court of McLennan County, Texas, in cause No. 5726, styled Waco Building Association v. James I. Moore et al., being the judgment first introduced in evidence by the plaintiff in this cause, showing same to have been filed

with the clerk of the County Court of McLennan County, Texas, on the 15th day of May, 1897, and recorded and indexed in the judgment records of said county on same date in volume 5, on pages 28 and 29 of said record.

5. Certified copy of deed from J. W. Baker, sheriff of McLennan County, Texas, to plaintiff, dated October 4, 1897, and filed for record in the clerk's office of McLennan County, Texas, on the 6th day of November, 1897, and recorded in volume 119, on page 394, one of the deed records of McLennan County, Texas, which deed purported to convey to plaintiffs the following described property as the property of the defendant James C. Frazier, to wit: "Lots 1, 2, 3, 4, and 5 in block 7, on the plat of East Waco, situated on the N. W. side of Elm street, in said East Waco, in McLennan County, Texas."

We also find that the appellant James C. Frazier was at the time of the levy of the writ of execution and the sale thereunder, the owner of lots 1, 2, 3, 4, and 5 in block 7 on the plat of East Waco, which block was situated on the northwest side of Elm street, as shown by the plat and map of East Waco; and we find from the evidence of the appellant Frazier, in connection with the description given in the instruments above set out that the above described property is the property in controversy, and was the property levied upon and sold and conveyed by the sheriff's deed.

We also find that the property was not at the time the homestead of appellant Frazier; but his homestead was at the time of the levy and sale situated in Bosque County, Texas.

There is no merit in appellant's first assignment of error, which is as follows: "The court erred in permitting plaintiff to introduce and read in evidence the certified copy of the alias execution in the case of the Waco Building Association v. James I. Moore et al., because the instrument offered in evidence is not described in the abstract of title filed by plaintiff in this cause, in this: the abstract refers to a certified copy of an execution, etc., while the instrument read in evidence is a certified copy of an alias execution, and not an original execution."

There is no variance between the instrument described in the abstract of title and that offered in evidence. The abstract of title calls for a copy of an execution; the instrument offered in evidence, which was objected to, is a copy of an alias execution. The abstract did not state that the plaintiff relied upon an original execution, but used the expression "copy of an execution." An alias execution is undoubtedly an execution, although it may not have been the first that was issued.

The appellant objected to the evidence of title offered by appellee, because the property was not sufficiently described in the return indorsed upon the execution and in the sheriff's deed; and in this connection contends that the parol evidence of the appellant Frazier, elicited by appellee upon his cross-examinaion, was not admissible for the purpose of aiding the description or of identifying the land in controversy. The description given in the return of the officer indorsed upon the execu-

tion and in the deed executed by him is not so uncertain that it could not be given application. It describes and conveys lots 1, 2, 3, 4, and 5 in block 7 of East Waco, situated on the northwest side of Elm street in East Waco, in McLennan County, Texas. This may be a good description; but it is contended by appellant that it is uncertain for the reason that the plat of East Waco shows that there are other blocks and lots of the same number in East Waco in a northwest direction from Elm street, but there is no block No. 7 on the northwest side of Elm street. The block called for in the description given must lie along the side of Elm street. The testimony of Frazier upon his direct examination is to the effect that the map of East Waco shows that there are other blocks in a northwest direction from Elm street; but there are none but block 7, which he owned and claimed, situated on the side of Elm street. This witness in effect, upon cross-examination, testified that the land described in the instruments of title offered by the plaintiff was the lots in controversy, and were the only lots that he owned on the northwest side of Elm street in East Waco. This portion of his evidence was objected to by the appellant. If there is ambiguity in the description it is not patent, but arises only when the attempt is made to apply it to the lots in controversy. An ambiguity of this character, in other words, one that is latent, can, as in transactions between individuals, be explained or removed by extrinsic evidence. But there are decisions to the effect that a resort to such evidence is not permissible to aid a description in a sheriff's deed. There never have been any solid reasons given why such a distinction should have ever been recognized; and wisely, we think, the tendency of the recent decisions of the Supreme Court of this State is to ignore any such distinction and to recognize the right to invoke the aid of parol evidence in order to identify the land described. Wilson v. Smith, 50 Texas, 365; Hermann v. Likens, 90 Texas, 448; Pierson v. Sanger Bros., 93 Texas, 163.

In disposing of the third assignment of error, it is only necessary to state that we do not think there was any variance between the description of the land described in the plaintiff's petition and that in the instruments of title upon which it relied. The description given in the petition complained of was simply an additional description, but did not tend to vary that stated in the instruments of title offered by the plaintiff.

We do not understand the law to be as contended for in appellant's fourth assignment of error. The appellee was not required to extend its title back beyond Frazier, the judgment debtor, and connect him with the sovereignty of the soil.

The court was correct in the peremptory instruction given to return a verdict in favor of the appellee. The evidence beyond controversy clearly shows that the appellant had no homestead interest in the property in controversy, but his homestead was at the time of the levy and sale and for many years prior thereto, in Bosque County, Texas; and as to the question of description, there was really no issue of fact raised

concerning it. The description given in the instruments relied upon by the plaintiff, together with the only parol evidence bearing upon that question in the record, that is, the testimony of the appellant himself, clearly and unmistakably establishes the fact that the lots described were those that were conveyed by the sheriff's deed to the appellee.

There was no error in the court's overruling the amended motion for a new trial on the grounds claimed in appellant's eighth assignment of error. The right of the appellee to bring and maintain the suit because it had not paid its franchise tax should have been raised before judgment, and came too late when first presented by the motion for a new trial. Further, we are also of the opinion that the subsequent payment of the tax related back and revived whatever rights the appellant had at the time the suit was instituted.

We find no error in the record, and the judgment is affirmed.

*Affirmed.*

Writ of error refused.