CLEGG et al. v. ROSCOE LUMBER CO.

(Court of Civil Appeals of Texas. Amarillo. Dec. 13, 1913.)

1. LIMITATION OF ACTIONS (§ 123*)—TOLLING STATUTES—PENDING ACTION.

The pendency of an action will prevent the running of limitations, though the petition be bad on general demurrer, and is not amended until after the period of limitation has elapsed; and the fact that when plaintiff corporation filed an action on the notes sued on, it was not legally entitled to sue under Rev. Civ. St. 1911, art. 7399, because it had not paid its franchise tax, would not cause the action to be barred by the four-year limitation, though before an amended petition was filed showing compliance with the statute more than four years had elapsed since maturity of the last note.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. § 539; Dec. Dig. § 123.*]

2. ABATEMENT AND REVIVAL (§ 22*)—PLEA IN ABATEMENT—RIGHT TO SUE.

The fact that plaintiff corporation had not paid its franchise tax, so that it was not entitled to maintain an action under Rev. St. art. 7399, could only be urged by a plea in abatement.

[Ed. Note.—For other cases, see Abatement and Revival, Cent. Dig. §§ 148–156; Dec. Dig. § 22.*]

Appeal from Potter County Court; W. M. Jeter, Judge.

Suit by the Roscoe Lumber Company against Mida Clegg and another. From a judgment for plaintiff, defendants appeal. Affirmed.

Cooper, Merrill & Lumpkin, of Amarillo, for appellants. Gustavus & Jackson, of Amarillo, for appellee.

HALL, J. This suit was filed in the county court of Dallas county, July 14, 1910, by appellee lumber company, praying recovery upon three notes in the sum of $100 each, dated October 1, 1907, and payable February 1, 1908, October 1, 1908, and February 1, 1909, respectively, bearing interest at 8 per cent. per annum from date, and stipulating for the usual 10 per cent. attorney's fees. Appellants, Mida Clegg and Mrs. Emma Tydeman, being residents of Potter county, filed their pleas of privilege in Dallas county in

September, 1910, which were sustained, and the case transferred to Potter county. On February 3, 1912, the defendants filed their first amended original answer in the county court of Potter county, amending their original answer, alleging that the appellee corporation had forfeited its right to do business in Texas on the 2d day of July, 1909, by failing to comply with chapter 3, Revised Statutes of 1911, in the payment of the franchise tax due to the state, as required by said chapter, and that the Secretary of State, in accordance with the provisions of said law, had duly forfeited the plaintiff's permit to do business in the state, and, under article 7399 of said statute, plaintiff was denied the right to sue defendants. The appellee corporation filed no other pleading than the original petition and a supplemental petition (which was filed July 14, 1910, in which it alleged that Mida Clegg had married J. T. Harrison, and prayed that citation issue to her and her husband), until it filed its amended supplemental petition in the county court of Potter county, styled "Plaintiffs' Second Supplemental Petition," which was filed March 29, 1913, alleging, in reply to the defenses it exposed by appellants, that on the 24th day of June, 1911, it had paid to the Secretary of State all franchise taxes, interest, and penalties due under the law, and had restored its corporate standing within the state, and on the same day it filed an amended original petition, in which was sought a recovery against Mrs. Mida Clegg and Mrs. Emma Tydeman, a feme sole, declaring upon the notes as in its original petition, and stating the same cause of action, with the exception of admitting a credit of $35 paid on June 23, 1908. To this last petition the appellants filed an amended answer, pleading by special exception: First, that the cause of action was barred by the statute of four-year limitation; second, pleading affirmatively the four-year limitation as a bar by reason of the failure of appellee to file any cause of action at a time when it was authorized, under the law, to maintain a suit for affirmative relief, within the period of four years; and, further in bar of appellee's right to recover, it was alleged that said cause of action was barred by the statute of four-year limitation in that appellee had no right to maintain the cause at the time when the suit was brought, and that the first pleading filed, after it had reinstated its corporate privileges, was more than four years after the cause of action had matured. The facts are that the suit as originally filed was against Mida Clegg and Mrs. Emma Tydeman, both alleged to be feme soles. On the same day a supplemental petition was filed, alleging the marriage of Mida Clegg with J. T. Harrison, making him a party. Appellee's petition, filed on March 29, 1913, merely alleged the death of J. T. Harrison, and Mrs. Harrison (née Mida

Clegg), being then a widow, pleaded the same cause of action as before. The judgment was against both Mrs. Harrison and Mrs. Tydeman.

[1] The sole question raised by the assignments is one of limitation. It is true, as contended by appellants, that the appellee's right to sue at the time its original petition was filed is denied by article 7399, Revised Statutes, supra, and it is further true that, before its amended pleading was filed, showing compliance with that act, more than four years had elapsed since the maturity of the last note sued upon, but it appears that appellee had paid its franchise tax on June 24, 1911, within less than 12 months from the filing of the original suit and within less than four years from the date of the maturity of the first note. The amended petition did not allege the fact that appellee had obtained permission to do business in Texas, and revived its right to sue by complying with the law, until more than four years after the cause of action had accrued. It has been frequently held in this state that a suit will prevent the running of the statute of limitation, although the petition be bad on general demurrer, and is not amended until after the period of limitation has elapsed. Killebrew v. Stockdale, 51 Tex. 529; Tarkinton v. Broussard, 51 Tex. 550; I. & G. N. R. R. Co. v. Irvine, 64 Tex. 529.

[2] The fact that appellee had not paid its franchise tax could be reached only by plea in abatement. Harvey v. Provident Ins. Co., 156 S. W. 1127. In Frazier v. Waco Building Ass'n, 25 Tex. Civ. App. 476, 61 S. W. 132, in which writ of error was denied by the Supreme Court, Fisher, C. J., said: "There was no error in the court's overruling the amended motion for a new trial on the grounds claimed in appellants' eighth assignment of error. The right of appellee to bring and maintain the suit because it had not paid its franchise tax should have been raised before judgment, and came too late when first presented by the motion for new trial. Further, we are also of the opinion that the subsequent payment of the tax related back and revived whatever rights the appellant had at the time the suit was instituted." Appellants' assignment are disposed of by what is here said; and the judgment of the trial court is affirmed.