## CAMDEN FIRE INS. ASS'N v. CLARK.

### No. 2958.

Court of Civil Appeals of Texas. El Paso.
March 1, 1934.

Rehearing Denied March 22, 1934.

Cox & Hayden, of Abilene, for appellant.

W. C. Jackson, of Ft. Stockton, and Millard Parkhurst, of McCamey, for appellee.

WALTHALL, Justice.

This suit was brought by C. M. Clark against Camden Fire Insurance Association to recover on a fire insurance policy, insuring Clark against loss by fire on a stock of groceries, flour, sugar, and staple goods of all kinds, located at Crane, Tex., and alleged to have been totally destroyed by fire while the policy was in force.

The defendant insurance company answered by a plea in abatement to the effect that the insurance policy sued on provided that no suit should be brought on the policy until sixty days after due notice, ascertainment, estimate, and satisfactory proof of the loss required have been received by the company, and that insured shall file a verified inventory of his loss within ninety-one days after said loss, and that insured failed to file such estimate and statement before bringing suit. Defendant company further answered by demurrer, general and special, and general denial and special denial. The court overruled defendant's plea in abatement and its demurrers, to which defendant excepted.

The case was tried without a jury. The court entered judgment for plaintiff in the sum of $500, with interest, from which defendant prosecutes this appeal.

Opinion.

No findings of fact were made by the trial court.

We will designate the parties, respectively, as plaintiff and defendant, as in their pleadings.

Defendant complains of the overruling by the court of its plea in abatement.

Plaintiff's petition does not contain a sworn statement of the loss submitted to defendant within ninety-one days after the loss as provided in the policy, but to the contrary, and for that reason defendant suggests error in overruling its plea in abatement pointing out such omission.

The policy sued on provides: "If fire occurs, the insured shall protect the property from further damage, forthwith separate the damaged and undamaged personal property,

put it in the best possible order, make a complete inventory of the same, stating the quantity and cost of each article and the amount claimed thereon; and within ninety-one days after the fire, unless such time is extended in writing by this company, shall render a statement to this company, signed and sworn to by said insured, stating the knowledge and belief of the insured as to the time and origin of the fire; the interest of the insured and all others in the property; the cash value of each item thereof and the amount of loss thereon; all encumbrance thereon; all other insurance, whether valid or not, covering any of said property."

The policy then provides that the sum for which the company is liable shall be payable "sixty days after due notice, ascertainment, estimate and satisfactory proof of the loss have been received by the Company in accordance with the terms of this policy." The record shows that no such verified statement of loss by fire was rendered to the defendant company at any time.

Defendant's plea in abatement, as found in the record, was presented to the trial court in its first amended original answer. The trial court overruled the plea, and defendant complains here of the court's action in overruling its plea.

■ There is nothing in the facts of the case, or in the pleading of plaintiff, as disclosed by the record, that would justify or show the necessity of the interposition of the plea for the first time in defendant's amended answer. In such case the plea in abatement comes too late if there has already been filed an answer to the merits. Foster v. Gulf, C. & S. F. Ry. Co., 91 Tex. 631, 45 S. W. 376; Gold v. Insall (Tex. Civ. App.) 8 S.W.(2d) 542; Texas Juris. vol. 1, pp. 165, 166.

■ Ordinarily, matter in abatement is waived if it is not in defendant's first pleading to the merits. The rule is stated to be that when the defendant desires to file a plea out of due order he should ask leave of the court to withdraw his former pleading for the purpose of filing his plea, and it is a matter of discretion with the court to permit such withdrawal. The record shows no such procedure. Where the record does not show the ground upon which the trial court overruled the plea, it will be presumed in favor of the judgment unless error is made to appear. In this particular case, it should be made to ap-

pear that the plea in abatement was filed with the first answer, and preceded the answer to the merits. Such is not done, and the record shows no error in overruling the plea.

■ Defendant complains of the overruling of its special exception pointing out that plaintiff's petition did not itemize the various articles and their values destroyed by the fire.

Plaintiff alleged and the proof shows that in due time he notified defendant to supply him with forms with which to fill out proof of loss, but that defendant unconditionally denied liability under its policy and refused to supply plaintiff with such form upon which to prepare proof of loss.

The rule is unquestioned in this state that where the insurance company denies liability proof of loss is waived and a recovery may be had without furnishing such proof. Texas Juris. vol. 24, p. 1111 et seq., and cases cited under par. 292. There was no error in the court's ruling on the exception.

■ Defendant submits that the judgment for $500 is excessive, in that plaintiff alleged the stock of goods to be worth $1,300.82 at the time of the fire, the policy and evidence showing there was a total insurance on said property of $1,500 and said loss should be prorated.

The proposition presents some confusion. Defendant did not plead other policies of insurance on the goods insured, nor ask for a distribution of damages on the loss. Plaintiff alleged that the stock of goods at the time of the fire was of the value of $1,300.82, and the evidence shows the loss to be the value alleged, and more. Plaintiff asked judgment for $500. The policy states the liability on amount insured to be $500, and concurrent insurance permitted, including the policy sued on, $1,000. The evidence shows there were two other policies of $500 each, and that $650 had been paid on the two policies. Defendant insists that under the facts shown the judgment is excessive by $174.80.

We think, however, in view of the issues presented by the pleading defendant is not relieved of liability to the extent of its policy contract, and that the judgment is not excessive.

We have considered other propositions not discussed, and think they present no reversible error.

The judgment is affirmed.