**FOWLER v. FOWLER.**

No. 5864.

Court of Civil Appeals of Texas. Amarillo.

Feb. 23, 1948.

Rehearing Denied March 29, 1948.

Gibson, Ochsner & Little, of Amarillo (Joe Harlan, of Amarillo, of counsel), for appellant.

Harry W. Flentge, of Gatesville, for appellee.

LUMPKIN, Justice.

From an order of the trial court sustaining appellee's plea in abatement and dismissal of the cause, the appellant excepted and has perfected her appeal to this court. From the record it appears that on March 25, 1947, the appellant, Edna Fowler, filed in the 108th District Court of Potter County, Texas, a suit for divorce in which her husband, the appellee, James Fowler, was named as the defendant. The suit was based on the grounds of cruel treatment. The appellant prayed for the custody of her minor child and possession of property alleged to be her separate property. Citation was issued by the District Clerk of Potter County on March 25, 1947. On April 4, 1947, service was had on the appellee at Gatesville, Texas.

Further, the record reveals that on April 21, 1947, the appellee filed his original answer which consisted of a general denial. Two days later on April 23, 1947, the appellee filed an original amended answer in which he alleged that pending on the docket of the 52nd District Court of Coryell County, Texas, was a divorce suit filed by the appellee naming the appellant as defendant. This suit had been instituted December 3, 1946, and prayed for the custody of the minor child, Gayland T. Fowler, and a division of the community property. The Coryell County suit involved the same parties as the Potter County case, and the child named in appellant's petition was the child named in the appellee's petition. The property described in each petition was the same. In his original amended answer the appellee prayed that the Potter County suit be abated and dismissed.

Following a hearing, in which it was stipulated that in Cause number 5666, James Fowler v. Edna Fowler, pending in the District Court of Coryell County, citation was issued on September 3, 1947, and served on the appellant September 12, 1947, the trial court sustained the appellee's plea in abatement and dismissed the case.

Appellant first assails the trial court's judgment by asserting that the plea in abatement was not filed in due order of pleading and for that reason the court erred in sustaining it. It will be remembered that the plea in abatement was filed two days after the general denial was filed. Rule 84, Texas Rules of Civil Procedure, provides that the defendant to a suit in his answer may plead as many matters as he shall think necessary for his defense and pertinent to his cause; but all these matters shall be filed in due order of pleading. Appellee's filing of general denial to the matters raised by the appellant's original petition, under Rule 92, Texas Rules of Civil Procedure, is sufficient to put all matters in issue. A plea in abatement is a dilatory plea, and as a general rule dilatory pleas must be filed in due order of pleading. Fulmore v. Benson, Tex.Civ.App., 257 S.W. 697; Jones et al. v. Maples et al., Tex. Civ.App., 184 S.W.2d 844. Some of courts have held that where the record does not show the defendant's reason for failing to file his plea in abatement in due order of pleading, that it is within the discretion of the trial court, acting upon a proper application, to permit the withdrawal of all pleadings and allow a plea in abatement to be filed. Simpson v. Foster, 46 Tex. 618; Northcraft et al. v. Oliver et al., 74 Tex. 162, 11 S.W. 1121. Other and later authorities hold that where no excuse or reason is shown for failing to file a plea in abatement in due order, it is an abuse of discretion for the trial court to permit the defendant to withdraw his answer on the merits and plead in abatement. Hoffman v. Cleburne Bldg. & Loan Ass'n et al., 85 Tex. 409, 22 S.W. 154; Southwest Investment Co. v. Terry, Tex.Civ.App., 42 S.W. 2d 1051; Camden Fire Ins. Ass'n v. Clark, Tex.Civ.App., 69 S.W.2d 463; Hoffman v. Godlin, Tex.Civ.App., 128 S.W.2d 865.

In this case the record does not show that leave of the court was asked or granted before filing the plea, nor does it reveal that the appellee asked leave of the court to withdraw his general denial and file his dilatory plea, nor does it explain why the plea in abatement was not filed in due order. Although our courts may not be in agreement as to whether good cause for later filing must be shown, they are uniform in their holding that the record must disclose that where the plea in

434

abatement is not filed in due order, it must be shown that the original pleadings were withdrawn prior to filing of the plea in abatement. The appellee's original amended answer does not ask that the appellee's general denial, as contained in his original answer, be withdrawn prior to the filing of the plea in abatement. Nor, for that matter, does the court's judgment reflect that appellee's general denial was withdrawn before the filing of the dilatory plea. Where the record does not disclose this fact, the proper procedure has not been followed, and for this reason the appellant's point of error is sustained. Because of this disposition of the case, it is not necessary to pass on the appellant's remaining point of error.

The judgment of the trial court is reversed, and the cause is remanded to the court below to be tried on its merits.