**ACME COLOR ART PRINTING CO., INC.,**
Appellant,

v.

**David H. BROWN, Appellee.**

No. 17976.

Court of Civil Appeals of Texas, Dallas.

Nov. 30, 1972.

Rehearing Denied Dec. 28, 1972.

Eric Weisberg, Denison, for appellant.

Paul N. Brown, Brown & Hill, Sherman, for appellee.

GUITTARD, Justice.

Our principal question is whether a corporation whose charter has been forfeited

for failure to pay franchise taxes and later reinstated on payment of the amount due can maintain a suit commenced before reinstatement. We hold that it can.

Acme Color Art Printing Company, Inc., filed its petition on March 28, 1972, in the form of a sworn account for printed materials alleged to have been sold and delivered to David Brown in February and March, 1970. Defendant Brown responded by a sworn plea in abatement alleging that plaintiff had no right to sue because its corporate charter had been forfeited by the Secretary of State under Vernon's Tex. Rev.Civ.Stat.Ann., Tax.-Gen. art. 12.17 (1969) for failure to pay franchise taxes. Attached to the plea was a certificate of the Secretary of State showing that the forfeiture was declared April 9, 1971. At a hearing on the plea on April 22, 1972, plaintiff presented a later certificate by the Secretary of State showing that the franchise tax was paid and the charter was reinstated on April 14, 1972. The trial court sustained the plea and dismissed the suit, and plaintiff appeals.

■ We hold that the court erred in sustaining the plea in abatement. Since plaintiff showed that its charter had been reinstated before the hearing, it had standing to proceed with the suit, regardless of whether it had such standing on March 28, when the petition was filed. We do not have before us the question of whether filing the petition tolled the statute of limitation,[1] and we need not consider whether reinstatement of the charter had any retroactive effect.[2] At the hearing on April 22 the petition was before the court, plaintiff was attempting to proceed upon it, and defendant had appeared in response to it. No useful purpose would have been served by filing it again.

■ Allowing a corporation to proceed with a suit commenced before reinstatement of its charter is consistent with the enforcement provisions of the franchise tax statute.[3] The sole purpose of the statute is to raise revenue, and that purpose is best served by encouraging a delinquent corporation to obtain revival of its privileges and access to the courts by paying the amount due the state. Federal Crude Oil Co. v. Yount-Lee Oil Co., 122 Tex. 21, 52 S.W.2d 56 (1932). Although we have no Texas authority on the effect of reinstatement of the charter on a suit previously filed,[4] the majority rule in states having similar statutes is that a corporation may maintain a suit commenced when its corporate powers were suspended if its powers are reinstated before the suit is dismissed,[5] and this rule is applied even in cases where the charter has been for-

1. See Clegg v. Roscoe Lumber Co., 161 S.W. 944 (Tex.Civ.App., Amarillo 1913, no writ) (limitation tolled) ; Jorgensen v. Baker, 21 Ill.App.2d 196, 157 N.E.2d 773 (1959), cert. denied sub nom. Curtis v. Baker, 361 U.S. 962, 80 S.Ct. 590, 4 L. Ed.2d 543 (limitation not tolled) ; Clark Estate Co. v. Gentry, 362 Mo. 80, 240 S.W.2d 124 (1951) (limitation not tolled).

2. See Frazier v. Waco Building Ass'n, 25 Tex.Civ.App., 476, 61 S.W. 132 (Tex.Civ. App., Austin 1901, writ ref'd) ; McClung v. Hill, 96 F.2d 236 (5th Cir. 1938) ; J. B. Wolfe, Inc. v. Salkind, 3 N.J. 312, 70 A.2d 72, 13 A.L.R.2d 1214 (1949) ; 2 HORNSTEIN, CORPORATION LAW AND PRACTICE (1959) § 812.

3. Tex.Rev.Civ.Stat.Ann., Tex.-Gen. arts. 12.14–12.17 (1969).

4. In Clegg v. Roscoe Lumber Co., 161 S.W. 944 (Tex.Civ.App., Amarillo 1913, no writ) a corporation was allowed to maintain a suit filed before reinstatement of its right to do business, although tolling of limitation seems to have been the only question raised.

5. Matanzas Packing Co. v. Rayonier, Inc., 195 F.2d 523 (5th Cir. 1952) ; Industrial Coordinators, Inc. v. Artco., Inc., 366 Mich. 313, 115 N.W.2d 123 (1962) ; Hall v. Citizens Nat'l Trust & Savings Bank, 53 Cal.App.2d 625, 128 P.2d 545 (1942) ; 16A FLETCHER CYCLOPEDIA CORPORATIONS, Perm.Ed. § 7998 (Supp. 1971). The same rule has been applied to a foreign corporation which is denied access to the courts until it qualifies to do business in the state. Video Engineering Co. v. Foto-Video Electronics, Inc., 207 Va. 1027, 154 S.E.2d 7 (1967).

feited by administrative action and revived after commencement of the suit.[6]

 Defendant attempts to justify the dismissal on the basis of a "motion to dismiss," which he presented to the court at the same hearing. This motion contains a plea of limitation, which would more properly be included in an answer as an affirmative defense under Tex.R.Civ.P. 94. Defendant argues that the motion should now be treated as a special exception raising the question that the petition affirmatively shows that the claim was barred by limitation. Even if we treat the motion as a special exception, it cannot justify dismissal. On sustaining an exception, a court ordinarily should not dismiss the suit summarily, as the court did here, because plaintiff has the right to amend and plead additional facts, such as circumstances which would avoid the bar of limitation. Dismissal is proper only if plaintiff declines to amend or fails to do so after reasonable time.[7]

Reversed and remanded.

---

6. Town of Davie v. Hartline, 199 So.2d 280 (Fla.1967); A. A. Sutain, Ltd., v. Montgomery Ward & Co., 22 App.Div.2d 607, 257 N.Y.S.2d 724 (1965), aff'd 17 N.Y.2d 776, 270 N.Y.S.2d 626, 217 N.E.2d 674 (1966); J. B. Wolfe, Inc. v. Salkind, 3 N.J. 312, 70 A.2d 72, 13 A.L.R.2d 1214 (1949); Karnes v. Flint, 153 Wash. 225, 279 P. 728 (1929).

7. Jud v. City of San Antonio, 143 Tex. 303, 184 S.W.2d 821 (1945); Harold v. Houston Yacht Club, 380 S.W.2d 184 (Tex.Civ.App., Houston 1964, no writ); City of Alice v. Bowers-Wright Funeral Home, Inc., 362 S.W.2d 888 (Tex.Civ. App., San Antonio 1962, no writ).