BLUEBONNET FARMS, INC., Appellant,

v.

GIBRALTAR SAVINGS ASSOCIATION, Appellee.

No. 17749.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Dec. 11, 1980.

Rehearing Denied Jan. 15, 1981.

Jack D. Nolan, Nolan & Plato, Houston, for appellant.

John W. Berkel, Simms & Harpole, P. C., Houston, for appellee.

Before COLEMAN, C. J., and DOYLE and WALLACE, JJ.

DOYLE, Justice.

This is an appeal from a summary judgment rendered in favor of appellee Gibraltar Savings Association (Gibraltar).

In December 1975, Bluebonnet Farms, Inc. (appellant) instituted suit against Gibraltar for breach of a loan commitment contract. Pursuant to the contract Gibraltar was to loan appellant $1,500,000 for a real estate development project. G.S.A. an-

swered the suit by filing a general denial and thereafter continuously defended and pursued this litigation for a period of almost four years. On September 27, 1979, Gibraltar filed an amended verified answer alleging lack of appellant's capacity to sue. Accompanying this answer was a motion for summary judgment in which Gibraltar alleged appellant had forfeited its charter and right to do business as a corporation in Texas, due to non-payment of franchise taxes. Gibraltar further alleged that more than four years have elapsed since the alleged breach of contract and appellant's loss of corporate status, thus barring this action by limitations.

Appellant answered the motion for summary judgment stating it had applied for and received reinstatement of its corporate charter on October 16, 1979, and had instituted this action in 1975 which was within the statute of limitations.

Hearing on the motion for summary judgment was held on February 4, 1980, at which time the trial court found that appellant's cause of action was barred by limitations. The record before this court consists of four volumes of transcript tracing the active history of this case since its inception in 1975.

Appellant assigns two points of error, the first of which alleges that the trial court erred in granting defendant's motion for summary judgment because said motion was predicated on a plea in abatement, that is, a plea to the capacity of plaintiff to prosecute the cause of action. The issue of capacity was not raised by defendant until almost four (4) years after suit was filed. Thus defendant's failure to timely raise the issue of capacity constituted a waiver of defendant's right to raise said issue at a time which prejudiced plaintiff's right to prosecute its cause of action.

Appellant correctly states that a party who wishes to contest the opponent's lack of capacity to sue, must do so by way of a verified plea in abatement. *Coakley v. Reising*, 436 S.W.2d 315 (Tex.1968). *Kriegel v. Scott*, 439 S.W.2d 445 (Tex.Civ.App.-Houston [14th Dist.] 1969, writ ref'd n. r.

e.); *Hunter v. Cook*, 375 S.W.2d 574 (Tex. Civ.App.-Houston 1964, dism'd); 2 McDonald, Texas Civil Practice § 7.12 (1972); Tex.R.Civ.P. 93(b). Such a plea is a dilatory matter and must be alleged in a certain form as stated in 2 McDonald, Texas Civil Practice, § 7.05.1 (1972):

> A dilatory plea (other than a plea of privilege) must set forth under oath the full circumstances relied upon; must negative every reasonably supposable circumstance consistent with the plaintiff's alleged theories of recovery which, if alleged by the plaintiff, might rebut the plea; and must if the defect be one which can be cured, set forth the information necessary to guide the plaintiff to a correct procedure.

A dilatory plea is susceptible to waiver. *Allen v. Wilkerson*, 396 S.W.2d 493 (Tex. Civ.App.-Austin 1965, writ ref'd n. r. e.); *Lee v. Westchester Fire Ins. Co.*, 534 S.W.2d 392 (Tex.Civ.App.-Amarillo 1976, no writ) and prior to 1950 such pleas were waived if not entered in due order of pleading. *Fowler v. Fowler*, 209 S.W.2d 432 (Tex.Civ. App.-Amarillo 1948, no writ); *Camden Fire Ins. Ass'n v. Clark*, 69 S.W.2d 463 (Tex.Civ. App.-El Paso 1934, dism'd).

Appellant points out that both before and after the relaxation of strict "due order" pleading. Texas courts have also examined the equities of the situation and have denied the filing of a plea in abatement where it was not timely filed or where it would work an injustice to the plaintiff by forever barring him from a suit on the merits.

Since 1950 and the abolition of strict "due order" pleading under certain circumstances, the Texas Supreme Court has also favored examining the equities of the situation to deny the filing of an untimely plea in abatement. *Reed v. Reed*, 158 Tex. 298, 311 S.W.2d 628 (1958); *Curtis v. Gibbs*, 511 S.W.2d 263 (Tex.1974).

In the instant case, appellee answered this suit four years prior to alleging appellant's incapacity, instead of simply answering the suit, appellee has actively engaged in pursuing this matter. Gibraltar filed a

counterclaim and third party action against appellant. Gibraltar has requested interrogatories, filed motions to produce and motions to compel. In essence, appellee has filed numerous pleadings, caused much expense and now seeks to allege appellant cannot bring this suit. Appellee does not state a reason for its failure to timely file its plea in abatement except to state that its defense of limitations would not be good if it had apprised appellant of this complaint earlier. If appellee had timely complained, then appellant could have, as it did, resolved the problem and continued its lawsuit on the merits.

■ The Texas Rules of Civil Procedure, (including the special purpose of a plea in abatement) are designed to aid the speedy disposition of litigation on its merits. *Hendrix v. Hendrix*, 457 S.W.2d 123, (Tex.Civ. App.-Beaumont 1970, no writ); *Olivares v. Service Trust Company*, 385 S.W.2d 687 (Tex.Civ.App.-Eastland 1964, no writ); *Matlock v. Matlock*, 15 Tex. 308, 249 S.W.2d 587 (1952).

■ Appellant's conduct in the instant case is in derogation of the purpose for the Texas Rules of Civil Procedure and the special purpose of a plea in abatement. The trial court judge abused his discretion in failing to overrule appellee's plea in abatement at this late time in the suit. While this cause had not actually gone to trial when appellee filed the amended pleading, such pleading along with the motion for summary judgment served as the basis to forever bar appellant from having his case heard, rather than simply informing appellant that he could not sue in his stated capacity. Even if appellant could not sue in the capacity alleged, certainly shareholders of the corporation could have carried on this litigation and had every right to do so, once the corporation knew that appellee questioned its status. *Regal Construction Co. v. Hansel*, 596 S.W.2d 150 (Tex.Civ.App.-Houston [1st Dist.] 1980, no writ).

■ Appellant cites numerous federal cases and cases from other jurisdictions to show that the majority trend in this country is to require that dilatory pleas be timely raised or they are waived. Further, courts will look to the equity of the situation in deciding whether such plea is timely filed. These federal cases are in accord with the Texas cases.

The trial court judge abused his discretion by allowing the untimely filing of this pleading with the summary judgment, thereby denying appellant his day in court.

This point of error is sustained.

Appellant's second point of error ascribes error to the trial court in granting the defendant's motion for summary judgment because the plaintiff's original petition was sufficient to toll the statute of limitations.

Appellant points out that pursuant to Tex.Civ.Stat.Ann., Tax.-Gen. art. 12.14 (1977), when a corporation whose right to do business in this State shall be forfeited, the corporation "shall be denied the right to sue or defend in any court of this State, except in a suit to forfeit the charter or certificate of authority of such corporation."

It is undisputed that appellant had forfeited its charter at the time it filed this suit. However, in view of the fact appellee failed to timely raise the question of appellant's corporate status, such capacity cannot now be put in issue by the defendant. 2 McDonald, Texas Civil Practice § 7.12 (1972) and cases cited therein; Rule 93 T.R. C.P. (1980).

Several Texas cases have discussed forfeiture of a corporate charter and the tolling of the statute of limitations. The first case to discuss this matter was *Frazier v. Waco Bldg. Ass'n.*, 25 Tex.Civ.App. 476, 61 S.W. 132 (1901, writ ref'd) wherein the court stated:

There was no error in the court's overruling the amended motion for a new trial on the grounds claimed in appellant's eighth assignment of error. The right of the appellee to bring and maintain the suit because it had not paid its franchise tax should have been raised before judgment, and came too late when first

presented by the motion for a new trial. Further, we are also of the opinion that the subsequent payment of the tax related back and revived whatever rights the appellant had at the time the suit was instituted. We find no error in the record, and the judgment is affirmed. Affirmed.

The case of *Clegg v. Roscoe Lumber Co.*, 161 S.W. 944 (Tex.Civ.App.—Amarillo 1913, no writ) stated:

> The fact that appellee had not paid its franchise tax could be reached only by plea in abatement. *Harvey v. Provident Ins. Co.*, 156 S.W. 1127 [Tex.Civ.App.].

This case then continued with the above quoted excerpt from the *Frazier* case, and concluded that the statute of limitation could not be a bar in that case. The latest case to allow a de facto corporation to continue a suit, which when originally filed was a voidable cause of action, was *Acme Color Art Printing Co. Inc., v. Brown*, 488 S.W.2d 507 (Tex.Civ.App.—Dallas 1972, writ ref'd n. r. e.) citing both the *Frazier* and *Clegg* cases.

It should be noted at this point that none of the above cases is exactly in point with the instant case due to the fact that each de facto corporation revived its right to do business at different times in the litigation and at different times of their limitations period. However, each of these cases follows the premise that a plea in abatement must first raise the issue of capacity or it cannot be contested.

Further, as explained in the *Acme* case, *supra*, the reason for the corporation franchise tax is to raise revenue and not prohibit a corporate cause of action. When a corporation, as in the instant case, rehabilitates itself and is reinstated under Texas law, the policy of the law is not to punish the corporation, but rather the law is intended to encourage the corporation to pay its taxes. *Federal Crude Oil Co. v. Yount-Lee Oil Co.*, 52 S.W.2d 56 (Tex.1932).

Once the corporation pays the delinquent taxes and is reinstated, this subsequent payment will relate back and revive whatever rights the corporation had at the time the suit was instituted. In the instant case, as in *Frazier supra*, the corporation did not have a right to sue or defend in Texas courts. However, if the corporation had been properly apprised that the other party objected to its corporate status, certainly the shareholders or owners of the corporation had a right to bring suit regarding corporation property and claims. *Regal Construction Co. v. Hansel, supra*. At the time the suit was instituted it was not barred by limitations, since the payment of the tax relates back to the time of filing the suit. Consequently appellant must be allowed to reinstate its corporate status or amend its petition to bring suit in the name of a proper party. Appellant's point of error is sustained.

The judgment of the trial court is reversed and the case remanded for a trial.