In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-03-109 CV


____________________



IN RE LOUISIANA-PACIFIC CORPORATION, ET AL







Original Proceeding







OPINION



 Mario Gonzales, Sr., a resident of Hardin County, sued Louisiana-Pacific
Corporation in Jefferson County for injuries he says were caused by negligence. 
Louisiana-Pacific contends the negligence lawsuit pending in Jefferson County is barred
by the Texas Workers' Compensation Act, because Gonzales was its borrowed employee
at the time of the accident, thereby making recovery of workers' compensation benefits
Gonzales's exclusive remedy. Tex. Lab. Code Ann. § 408.001(a) (Vernon 1996). See
Guerrero v. Harmon Tank Co., 55 S.W.3d 19, 24-25 (Tex. App.--Amarillo 2001, pet.
denied)(description of borrowed servant doctrine). 

 Louisiana-Pacific made the same assertion before the Texas Workers' Compensation
Commission. The hearing officer determined that the Commission had jurisdiction to
determine the identity of the employer, and also determined that Gonzales was not the
borrowed employee of Louisiana-Pacific. The appeals panel affirmed, stating that the
hearing officer's determination was not so against the great weight and preponderance of
the evidence as to be clearly wrong or manifestly unjust. Pursuant to statute, Louisiana-Pacific appealed that ruling to the district court in Hardin County. See Tex. Lab. Code
Ann. §§ 410.251, 410.252(a), 410.301 (Vernon 1996). 

 Louisiana-Pacific unsuccessfully sought to abate Gonzales's negligence action below
and now asks this Court to find the trial judge abused his discretion in denying the
abatement motion. The issue presented in this mandamus proceeding is whether the
negligence lawsuit can proceed to trial in Jefferson County before the appeal of the
Commission's ruling in Hardin County is decided. 

 Subject to exceptions not applicable here, recovery of compensation benefits is
intended to be an employee's exclusive remedy against the employer for work-related
injuries. See Burkett v. Welborn, 42 S.W.3d 282, 288 (Tex. App.--Texarkana 2001, no
pet.). A regular employee of one employer may become the employee of another under
the borrowed employee doctrine. Under that doctrine, Louisiana-Pacific would not be
liable to Gonzales for common law negligence, and Gonzales's exclusive remedy would
be workers' compensation benefits. See Esquivel v. Mapelli Meat Packing Co., 932
S.W.2d 612, 614 (Tex. App.--San Antonio 1996, writ denied). 

 The Workers' Compensation Act ("Act") gives the Workers' Compensation
Commission sole power to award compensation benefits, subject to judicial review. See
American Motorists Ins. Co. v. Fodge, 63 S.W.3d 801, 803 (Tex. 2001). Judicial review
is the concluding step of a four-tier system established by the Act for disposition of
compensation issues by the Texas Workers' Compensation Commission. See Subsequent
Injury Fund v. Service Lloyds Ins. Co., 961 S.W.2d 673, 675 (Tex. App--Houston [1st
Dist.] 1998, pet denied). The process begins with a benefit review conference conducted
by a benefit review officer. Tex. Lab. Code Ann. §§ 410.021-410.034 (Vernon 1996). 
The parties may proceed to agreed arbitration, or a party may seek relief at a contested
case hearing. See Tex. Lab. Code Ann. §§ 410.104; 410.151-410.169 (Vernon 1996 &
Supp. 2003). The third tier involves a review of the hearing officer's decision by an
administrative appeals panel. Tex. Lab. Code Ann. §§ 410.201-410.208 (Vernon 1996
& Supp. 2003). The final step is the judicial review of the appeals panel decision. See
Tex. Lab. Code Ann. §§ 410.251-410.308 (Vernon 1996 & Supp. 2003). 

 The Commission's final decision is appealable to the courts under what is described
as a modified de novo review. If the issue on appeal is compensability, the employee's
county of residence is the proper venue for the appeal. See Rodriguez v. Service Lloyds
Ins. Co., 997 S.W.2d 248, 253 (Tex. 1999). Course and scope of employment is a
compensability issue. See generally Texas Workers' Compensation Commission v. Garcia,
893 S.W.2d 504, 515 (Tex. 1995)("For all issues regarding compensability of the injury
(for example, whether it occurred in the course and scope of employment). . . there is a
right to trial by jury."). Whether Gonzales's injuries occurred in the course and scope of
employment with Louisiana-Pacific is an issue regarding compensability properly appealed
to Hardin County district court. 

 In In re Luby's Cafeterias, Inc., 979 S.W.2d 813, 815-16, 818 (Tex. App.--Houston
[14th Dist.] 1998, orig. proceeding), the appellate court ordered a negligence lawsuit abated
because of the pendency of a compensation issue before the Texas Workers' Compensation
Commission. The court wrote:

 Undoubtedly, subjecting the workers' compensation subscriber to a
negligence trial and a potential judgment before the Commission decides
whether the employee's injury is compensable will inject needless
uncertainty and confusion into the issues surrounding both proceedings.


Id. at 817. The court also noted:


 [I]t would be pointless for the court and parties in the underlying suit to
expend their resources on a trial until the Commission first decides the
compensability issue.


Id. at 816. 

 Our case presents a different circumstance than that before the court in In re Luby's
Cafeterias. The Commission has already decided the compensation issue against
Louisiana-Pacific and that decision is on appeal to the Hardin County district court. The
claim is no longer pending before the Commission. Nevertheless, we conclude similar
considerations require abatement of this negligence suit pending the decision by the Hardin
County district court handling the appeal of the Commission's decision.

 The modified de novo appeal process established in the Worker's Compensation Act
is an integral part of the statutory system for resolving compensation claims before the
Commission. Permitting the borrowed employee issue to be decided in this negligence
suit, rather than in the presently-pending compensation appeal -- the appeal provided by
statute -- would by-pass the legislatively-crafted system set forth in the Texas Workers'
Compensation Act for deciding compensation issues. Abatement of this negligence action
until the compensation issue is resolved avoids needless uncertainty and confusion, avoids
potentially conflicting results, and avoids unnecessary and duplicative expenditure of
resources. Abatement here also preserves the exclusive power of the Commission to
resolve compensation claims presented to it, subject only to the judicial review provided
by the Act.

 If Gonzales was the borrowed employee of Louisiana-Pacific at the time of the
accident, this negligence action is barred by the exclusivity provision of the Act. Tex.
Lab. Code Ann. § 408.001(a) (Vernon 1996). See Esquivel, 932 S.W.2d at 614. The
Act requires that the correctness of the Commission's decision on an issue of
compensability be determined by the district court in Hardin County, where Gonzales
resided at the time of injury, rather than by the district court of Jefferson County. Tex.
Lab. Code Ann. § 410.252(b)(1) (Vernon 1996). The trial court in Jefferson County
abused its discretion in failing to abate this negligence case to permit determination of the
issue in the Hardin County district court, as provided by the Act. 

 Gonzales contends that abatement was properly denied by the trial court because
Louisiana-Pacific failed to act timely in two respects. First, he argues that Louisiana-
Pacific did not act in a timely manner to assert its position before the Commission as
Gonzales's employer for workers' compensation purposes. This matter was addressed in
the written decision of the hearing examiner, who found that Louisiana - Pacific's assertion
as Gonzales's employer was not untimely. Second, Gonzales says the motion to abate was
not timely filed in this case. See Wyatt v. Shaw Plumbing Co., 760 S.W.2d 245, 248
(Tex. 1988). Generally, a court may examine the equities of the situation in deciding
whether a plea in abatement is timely filed. See In re Luby's Cafeterias, Inc., 979 S.W.2d
at 817; Develo-cepts, Inc. v. City of Galveston, 668 S.W.2d 790, 793 (Tex. App.--Houston
[14th Dist.] 1984, no writ); Bluebonnet Farms, Inc. v. Gibraltar Savings Ass'n, 618
S.W.2d 81, 84 (Tex. Civ. App.--Houston [1st Dist.] 1980, writ ref'd n.r.e.). Courts have
considered not only the passage of time, but also the actions of the party moving for
abatement during that time, and whether any delay in the filing of the motion for abatement
was harmful or prejudicial to the opposing party. See In re Luby's Cafeterias, Inc., 979
S.W.2d at 817-18; Develo-cepts, Inc., 668 S.W.2d at 793; Bluebonnet Farms, 618 S.W.2d
at 84; Howell v. Mauzy, 899 S.W.2d 690, 698 (Tex.App.-Austin 1994 no pet.). Gonzales
does not contend, either in the trial court or in his response to the petition in this Court,
that Louisiana Pacific has, for example, actively pursued the Jefferson County litigation, 
see Howell v. Mauzy, 899 S.W.2d at 698, or that he has suffered any specific harm or
prejudice to his case as a result of any delay in filing the motion. The burden of showing
harm or prejudice should be particularly heavy when denial of a plea in abatement would
defeat a statutory appeal process. In this case Gonzales has not shown harm resulted from
any delay in filing the motion to abate. 

 A writ of mandamus will issue to correct a clear abuse of discretion when there is
no adequate remedy at law. See Walker v. Packer, 827 S.W.2d 833, 839 (Tex. 1992). 
Where the outcome of a presently-pending workers' compensation proceeding would
preclude liability in the parallel litigation, there is no adequate remedy by appeal. See In
re Luby's Cafeterias, Inc., 979 S.W.2d at 815-16. See also In re Travelers Indem. Co.
of Rhode Island, ____ S.W.3d ____, No. 08-02-00270-CV, 2002 Tex. App. LEXIS 8823,
at *4-5 (Tex. App.--El Paso 2002, orig. proceeding).

 We conditionally grant the petition for writ of mandamus. We are confident the
trial court will abate the case; writ will issue only if the trial court below fails to comply
with this decision. 

 WRIT CONDITIONALLY GRANTED.

 _________________________________

 DAVID B. GAULTNEY

 Justice

Submitted on March 18, 2003

Opinion Delivered June 26, 2003


Before McKeithen, C.J., Burgess and Gaultney, JJ.


DISSENTING OPINION


 Although the majority adequately describes the facts, a brief recitation of the time
line may be helpful:

 12/19/99 - the injury

 12/20/99 - employer's notice of injury filed by Truman Fabricating

 08/08/00 - employer's notice of injury filed by Louisiana Pacific

 01/22/01 - Gonzales' original petition filed in Jefferson County

 02/06/01 - Louisiana Pacific's request for a benefit review conference

 04/10/01 - Benefit Review Conference held

 06/18/01 - Motion for Abatement filed in Jefferson County case

 06/01/01 - Benefit Contested Hearing began

 06/27/01 - Decision of hearing officer

 07/26/01 - Order denying motion to abate 

 11/07/01 - Decision of Appeals Panel

 12/17/01 - Louisiana Pacific's original petition filed in Hardin County

 02/11/03 - 2nd Order denying motion to abate


 The majority holds the trial court abused its discretion in denying abatement. The
majority notes: "Whether Gonzales's injuries occurred in the course and scope of
employment with Louisiana-Pacific is an issue regarding compensability properly appealed
to Hardin County district court." The majority adds, "Permitting the borrowed employee
issue to be decided in this negligence suit, rather than in the presently-pending
compensation appeal -- the appeal provided by statute -- would by-pass the legislatively-crafted system set forth in the Texas Workers' Compensation Act for deciding
compensation issues." The majority also justifies its holding by stating: 

 Abatement of this negligence action until the compensation issue is resolved
avoids needless uncertainty and confusion, avoids potentially conflicting
results, and avoids unnecessary and duplicative expenditure of resources. 
Abatement here also preserves the exclusive power of the Commission to
resolve compensation claims presented to it, subject only to the judicial
review provided by the Act. 


 The majority has apparently bought into the argument made by Louisiana Pacific
that the "administrative agency has dominant jurisdiction over the central issue in this
case." Louisiana Pacific argues the question of who is Gonzales's employer is a matter
within the primary jurisdiction of the Texas Workers' Compensation Commission, citing 
Saenz v. Fidelity & Guar. Ins. Underwriters, 925 S.W.2d 607, 612 (Tex. 1996) and In re
Luby's Cafeterias, Inc., 979 S.W.2d 813 (Tex. App.--Houston [14th Dist] 1998, orig.
proceeding). The Saenz case does state that general proposition but is totally inapposite. 
It involved the amount of compensation between an employee and a carrier who was
paying compensation. The majority acknowledges Luby's is a different circumstance than
this case. Louisiana Pacific further asserts, "Accordingly, the trial court does not have
jurisdiction to determine the administrative issue of Gonzales' employment status until it
has been fully and finally determined by the Texas Workers' Compensation Commission
and the statutory appeals provided for by the legislature" citing Texas Workers'
Compensation Com'n v. Garcia, 893 S.W.2d 504, 515 (Tex. 1995); Luby's, 979 S.W.2d
at 816-17, and Metro Temps, Inc. v. Texas Workers' Compensation Ins. Facility, 949
S.W.2d 534, 536 (Tex. App.--Austin 1997, no writ). The Garcia case makes no such
holding; it merely reaffirms the right to a statutory appeal and a jury trial. The Luby's
case, as noted by the majority, involves abatement while the commission process is
ongoing. Metro Temps involved the exhaustion of administrative remedies to the Insurance
Commission over a premium dispute, clearly not on point to this litigation. 

 The majority cites numerous cases, most dealing with well-known legal
generalities. (1) I have no quarrel with these cases nor their applicability to the issues at
hand. I do quarrel with the majority's reliance on these cases to justify this specific
holding because none do so.

 It is trite to acknowledge the legislature enacted the Workers' Compensation laws 
to establish a scheme to compensate workers injured in the course and scope of their
employment. Clearly, these statutes were not designed to provide a company the forum
to assert the borrowed servant defense in a third-party negligence action. In this case,
Truman Fabricating recognized Gonzales as its employee and began paying compensation. 
It took Louisiana Pacific nine months to file its assertion it was Gonzales' employer and
Louisiana Pacific did not request a benefits review conference until after Gonzales had
filed his negligence action. There was simply no reason, other than delay, for Louisiana
Pacific to insert itself into the workers' compensation scheme. Neither the majority nor
Louisiana Pacific cite a case where the defense is waived by not presenting it first to the
commission. An analogous case, Mike Hooks, Inc. v. Pena, 313 F.2d 696, 698-702 (5th
Cir. 1963) noted that an employer was not a real party in compensation proceedings before
the Texas Industrial Accident Board, though the employer filed a letter application for
determination that the employee was not a seaman and was covered by Texas
Compensation Act, and therefore the Board's award based on findings that the employee
was not a seaman, an issue not really contested by the employee and the insurance carrier,
did not foreclose the employee's suit under the Jones Act on the grounds of res judicata
or collateral estoppel.

 The hearing officer looked at both the jurisdiction of the Commission to determine
the borrowed servant issue and the standing of Louisiana Pacific to raise the issue. (2) The
hearing officer noted the commission had

 . . . no intention, whatsoever, of interfering in any manner with the matter
currently before the District Court. Since it appears likely that the issues
before the Commission will be resolved and appealed to a district court,
where they then can be consolidated with the current pending litigation, the
Hearing Officer is not of the opinion that the parties to this Commission
proceeding are harmed in any manner by any choice the district court might
make regarding proceeding with the discovery phase of the case before it,
since there appears no reason to believe that such case will be called to trial
before such time as the matters currently before the Commission have been
concluded."

Unfortunately the hearing officer was incorrect in his conclusion that the cases could be
consolidated. 

 Moreover, the primary jurisdiction theory, vis a vis, the administrative agency was
explained in Butnaru v. Ford Motor Co., 84 S.W.3d 198, 208 (Tex. 2002):

 . . . [I]n [Subaru of Am. Inc. v.] David McDavid Nissan, [84 S.W.3d 212
(Tex. 2002)] we explained that the primary jurisdiction doctrine requires trial
courts to allow an administrative agency to initially decide an issue when: 
(1) an agency is typically staffed with experts trained in handling the
complex problems in the agency's purview; and (2) great benefit is derived
from an agency's uniformly interpreting its laws, rules, and regulations,
whereas courts and juries may reach different results under similar fact
situations. David McDavid Nissan, 84 S.W.3d at 221 (citations omitted).
We noted that, when the primary jurisdiction doctrine requires a trial court
to defer to an agency to make an initial determination, the court should abate
the lawsuit and suspend finally adjudicating the claim until the agency has an
opportunity to act on the matter. David McDavid Nissan, 84 S.W.3d at 221
(citations omitted).


As noted by our Supreme Court, the abatement is based upon the agency's primary
jurisdiction. The majority seeks to expand this logic to the Hardin County Court litigation,
The policy reasons noted in Butnaru and David McDavid Nissan simply do not apply. 
Here the issue is not abatement as between the Jefferson County District Court and the
Texas Workers' Compensation Commission, as was the facts of Luby's; the issue here is
abatement as between the two District Courts. There is simply no reason to deviate from
the general rule in Texas is that the court in which a suit is first filed acquires dominant
jurisdiction to the exclusion of other coordinate courts. Wyatt v. Shaw Plumbing Co., 760
S.W.2d 245, 248 (Tex. 1988); Curtis v. Gibbs, 511 S.W.2d 263, 267 (Tex. 1974). 

 The bottom line is Louisiana Pacific, for whatever reason, prefers Hardin County 
rather than Jefferson County as the venue to decide its assertion it is Gonzales' employer. 
There is no legal reason to afford Louisiana Pacific that option. The trial judge, in my
opinion, did not abuse his discretion in denying the motion to abate. I would deny the
petition for mandamus.


 



 DON BURGESS

 Justice


Dissent Delivered

June 26, 2003










1. In the order they are cited in the majority opinion: Guerrero v. Harmon Tank Co.,
55 S.W.3d 19, 24-25 (Tex. App.--Amarillo 2001, pet denied)(description of borrowed
servant doctrine); Burkett v. Welborn, 42 S.W.3d 282, 287 (Tex. App.--Texarkana 2001,
no pet.)(compensation benefits worker's exclusive remedy against employer for work-related injuries); Esquivel v. Mapelli Meat Packing Co., 932 S.W.2d 612, 614 (Tex. App.--San Antonio 1996, writ denied)(compensation benefits borrowed worker's exclusive
remedy against employer for work-related injuries); American Motorists Ins. Co. v. Fodge,
63 S.W.3d 801, 803 (Tex. 2001)(Workers' Compensation Commission has sole power to
award compensation benefits); Subsequent Injury Fund, State of Texas v. Service Lloyds
Ins. Co., 961 S.W.2d 673, 675 (Tex. App.--Houston [1st Dist.] 1998, pet. denied)(Judicial
review is last step of four-tier legislative scheme for workers' compensation issues);
Rodriguez v. Service Lloyds Ins. Co., 997 S.W.2d 248, 253 (Tex. 1999)(employee's
residence proper venue for workers' compensation appeal).
2. The Hearing Officer may have been incorrect on the jurisdiction issue. See Hooks,
313 F.2d at 699-700. Furthermore, the issue was, in reality, which "carrier" was
responsible for payment of Gonzales' benefits, which is not really an issue of
compensability. See Houston General Ins. Co. v. Association Cas. Ins. Co., 977 S.W.2d
634, 636 (Tex. App.--Tyler 1998, no pet.)