## OKLAHOMA CONTRACTING CO. OF TEXAS v. COMMISSIONER OF INTERNAL REVENUE.

### No. 11441.

Circuit Court of Appeals, Fifth Circuit.

Feb. 14, 1946.

---

[48] Priestly v. Fowler, 1837, 3 M. & W. 1, 5.

M. C. Rodolf and I. J. Underwood, both of Tulsa, Okl., for petitioner.

Maryhelen Wigle, A. F. Prescott, and Harold C. Wilkenfeld, Sp. Assts. to the Atty. Gen., Sewall Key, Acting Asst. Atty. Gen., and J. P. Wenchel, Chief Counsel, Bur. Int. Rev., and Charles E. Lowery, Sp. Atty., Bur. Int. Rev., both of Washington, D. C., for respondent.

Before SIBLEY, HOLMES, and McCORD, Circuit Judges.

SIBLEY, Circuit Judge.

The Tax Court dismissed a petition to it to redetermine relief from excess profits taxes under Internal Revenue Code, § 722, 26 U.S.C.A. Int.Rev.Code, § 722, which relief the Commissioner had denied. The ground of dismissal was that "Oklahoma Contracting Co. of Texas, on whose behalf the petition was filed had ceased to exist and that its former directors who filed the petition herein had no authority to act in its behalf."

The facts here material are these. The Company, a Texas corporation, was dissolved voluntarily in December, 1941, at the end of the tax year in controversy. The officers and directors at the time were Jones, Hester, McFarland and Halbert, the present petitioners. About Sept. 15, 1943, the excess profits tax as fixed by the statutes having been paid, they filed with the Commissioner in the name of the corporation a claim for refund under Internal Revenue Code, § 722. On Nov. 3, 1944, the Commissioner mailed a notice of its denial. Within ninety days, on Jan. 29, 1945, the present petition was filed in the Tax Court under Section 732 for a redetermination. By that Section the Tax Court is given jurisdiction to make the redetermination as if the notice of disallowance had been a notice of deficiency. But three years from the dissolution of the corporation had expired in December, and the Tax Court, following its decisions in Lincoln Tank Co., 19 B.T.A. 310, and First National Bank of Wichita Falls, 3 T.C. 203, dismissed this petition on the idea that the statutes of Texas limit the existence of a dissolved corporation to three years after the date of dissolution and similarly limit the power of the officers and directors as trustees under the statute to collect its assets in judicial proceedings.

The decision turns upon the Texas statutes. The Supreme Court in Oklahoma Natural Gas Co. v. State of Oklahoma, 273 U.S. 257, 259, 47 S.Ct. 391, 392, 71 L.Ed. 634, in dealing with a similar question, said: "The matter is really not procedural or controlled by the rules of the court in which the litigation pends. It concerns the fundamental law of the corporation enacted by the state which brought the corporation into being." This the Tax Court rec-

ognizes, for the quoted case is cited in Lincoln Tank Co., supra.

The pertinent Texas statutes, Articles 1388 and 1389, Revised Civil Statutes of Texas, are quoted in the margin.[1] Article 1388 provides that on a dissolution, unless a receiver is appointed, the president and directors shall be trustees of the creditors and stockholders "with power to settle the affairs, collect the outstanding debts * * * and for this purpose they may * * * maintain or defend judicial proceedings, and exercise full power and authority of said company over such assets and property." Art. 1389 provides for continuing "the existence of every corporation" for three years from dissolution for the purpose of enabling those charged with the duty to settle its affairs. It is contended, and it would be a reasonable construction of the Articles, that the latter limits the former, and that neither the existence of the corporation nor the powers of the trustees can last longer than three years after dissolution; but the Supreme Court of Texas has settled it otherwise. In Burkburnett Refining Co. v. Ilseng, 116 Tex. 366, 292 S.W. 179, 181, these Articles were to be construed, the trustees wishing to litigate to collect a debt after the three years, and the court decided: "Article 1388, without any time limitation, authorizes these trustees to defend and maintain suits and generally settle up the affairs of the dissolved corporation. * * * Article 1389 is merely cumulative of article 1388. It provides that, as an aid to the trustees in performing their duties as prescribed in article 1388, the corporation itself, for limited purposes only, may continue for three years. * * * But even if such continuation of the corporation itself for limited purposes is not had at the option of the trustees, they still have the right and are charged with the duty, of defending and maintaining suits in the protection of the assets of the corporation."

In the present petition the name of the corporation is used as the petitioner, but the petition is signed by all four trustees, describing themselves as "Directors at the time of dissolution and trustees of Oklahoma Contracting Co. of Texas." and in the first paragraph of the petition it is alleged they were such officers at the time of the dissolution of the Company "and they bring and maintain this proceeding for and on behalf of said dissolved corporation." The petition is plainly one by the trustees as such.

The claim against the United States is an asset of the corporation. The petition to the Tax Court initiates a "judicial proceeding" which the Texas statute empowers them to maintain notwithstanding the termination of the existence of the corporation the month before. Proceedings in the Tax Court itself have been said to be judicial in character; Blair v. Oesterlein Co., 275 U.S. 220, at page 227, 48 S.Ct. 87, 72 L.Ed. 249. And the filing of the petition there is a necessary preliminary to obtaining the judgment of this court. Although the claim before the Commissioner was made in the name of the corporation which was the original taxpayer, the death of the corporation, like the death of an individual taxpayer, does not cut off redetermination by the Tax Court. Under authority of Internal Revenue Code § 1111.

[1] "Art. 1388. Liquidation by officers. Upon the dissolution of a corporation, unless a receiver is appointed by some court of competent jurisdiction, the president and directors or managers of the affairs of the corporation at the time of its dissolution shall be trustees of the creditors and stockholders of such corporation, with power to settle the affairs, collect the outstanding debts, and divide the moneys and other property among the stockholders after paying the debts due and owing by such corporation at the time of its dissolution, as far as such money and property will enable them after paying all just and reasonable expenses; and for this purpose they may in the name of such corporation, sell, convey and transfer all real and personal property belonging to such company, collect all debts, compromise controversies, maintain or defend judicial proceedings, and exercise full power and authority of said company over such assets and property. Said trustees shall be severally responsible to the creditors and stockholders of such corporation to the extent of its property and effects that shall have come into their hands."

"Art. 1389. Extension of existence. The existence of every corporation may be continued for three years after its dissolution from whatever cause, for the purpose of enabling those charged with the duty, to settle up its affairs. In case a receiver is appointed by a court for this purpose, the existence of such corporation may be continued by the court so long as in its discretion it is necessary to suitably settle the affairs of such corporation."

26 U.S.C.A. Int.Rev.Code, § 1111, that court may make rules in furtherance of the tax statutes for proceedings before it, and Rule 5 provides: "The proceeding shall be brought by and in the name of the person against whom the Commissioner determined the deficiency (or liability, as the case may be), or by and in the full descriptive name of the fiduciary legally entitled to institute a proceeding on behalf of such person." We have shown these trustees to be such fiduciaries. The Tax Court itself has recently so held, though without opinion, as to trustees for a Texas corporation situated exactly like these. Commercial Iron Works v. Commissioner, — T.C. —. That was a case of an assessed deficiency, but that is no distinction for Internal Revenue Code, Section 732(a), 26 U.S.C.A. Int.Rev.Code, § 732(a), under which this petition is filed, puts it in the same position as if there were a notice of deficiency.

The judgment of the Tax Court is reversed with direction to reinstate and hear the petition.

Reversed.