SPEIER TIRE CO., INC., Appellant,

v.

TOM BENSON CHEVWAY RENTAL & LEASING, INC., Appellee.

No. 16803.

Court of Appeals of Texas, San Antonio.

Oct. 27, 1982.

Rehearing Denied Dec. 3, 1982.

Terrence A. Willis, Willis, Hickey & Mastin, San Antonio, for appellant.

Carl Robin Teague, Oppenheimer, Rosenberg, Kelleher & Wheatley, Inc., San Antonio, for appellee.

Before ESQUIVEL, BUTTS and CLARK, JJ.

OPINION

BUTTS, Justice.

This is an appeal by Speier Tire Co., Inc., of a judgment of dismissal with prejudice rendered in favor of appellee, Tom Benson Chevway Rental & Leasing, Inc.

Appellant brings five points of error. The first point asserts that appellant did have standing to bring the cause of action due to reinstatement of its charter by the Secretary of State. The second and third points contend error, respectively, in that there was no evidence of dissolution of appellant by the Secretary of State, or that such evidence was insufficient to support a finding of dissolution. The fourth point of error complains that if there was administrative dissolution, appellant was denied the statutorily prescribed period to exercise its remedies. The final point contends that appellee had no standing to challenge the reinstatement of appellant's charter by the Secretary of State. We sustain appellant's first point of error and reverse.

Speier Tire Co., Inc., filed its petition on June 30, 1976, alleging violations of the usury laws of the State of Texas and the Texas Credit Code arising from various transactions of Tom Benson Chevway Rental & Leasing, Inc. Subsequent to the initiation of the suit, appellant's *right to do business* was administratively forfeited on September 15, 1977, by the Comptroller of Public Accounts pursuant to the Tex.Rev. Civ.Stat.Ann., Tax-Gen. art. 12.14(2) (Vernon Supp.1980). Failure of appellant to pay the delinquent franchise taxes resulted in the administrative forfeiture of its *charter* on March 13, 1978, by the Secretary of State under Tex.Rev.Civ.Stat.Ann., Tax-Gen. art. 12.17(2) (Vernon Supp.1980). Appellee timely filed a verified plea in abatement challenging appellant's right to maintain the suit. At a hearing on the plea on February 13, 1981, appellant produced documentation showing reinstatement of the charter by the Secretary of State on April 23, 1980. The trial court sustained the plea and dismissed the suit.

Appellant initially claims the trial court reversibly erred in determining that reinstatement of the charter did not revive appellant's right to do business with the concomitant right to sue. The Secretary of State may administratively forfeit the charter of a delinquent corporation only after the forfeited right to do business has not been revived within the prescribed period. Art.

12.17(2), *supra*. Article 12.17(3), Tex.Rev. Civ.Stat.Ann. (Vernon Supp.1980), states "[i]n the event of the forfeiture of the charter ... the right to do business and the charter or certificate may be revived by the following procedure." The emergency clause to the 1965 Amendment of article 12.17, *supra*, states, in pertinent part, "corporations have no procedure by which to reinstate their charter and right to do business after the forfeiture of the charter...." These two passages indicate the object sought to be attained was a single procedure by which a delinquent corporation could revive its privileges and access to the courts. Accordingly, after the corporate charter has been administratively revoked, a corporation which obtains reinstatement of the charter by payment of the delinquent franchise taxes has standing to proceed with the suit commenced before the revocation. *Acme Color Art Printing Co., Inc. v. Brown,* 488 S.W.2d 507, 508 (Tex.Civ. App.—Dallas 1972, writ ref'd n.r.e.). We sustain appellant's first point of error.

An examination of the order dismissing appellant's suit reflects that the trial court based dismissal solely upon appellant's failure to revive its right to do business. Our disposition of appellant's first point of error obviates the need for us to address its other contentions.

We reverse and remand.