VAHLCO CORPORATION, SUCCESSOR TO VAHLSING MANAGEMENT CONSULTANTS, INC., ET AL.,[1] PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket Nos. 26600-88, 26672-88,     Filed October 15, 1991.
26832-88, 26833-88.

F.H. Vahlsing, Jr. (an officer), pro se.
*William R. Leighton,* for the respondent.

OPINION

SCOTT, *Judge:* This case is before us on respondent's motion to dismiss for lack of jurisdiction filed in each of the above-entitled cases on the ground that at the time of the filing of the petition in each case Vahlco Corp. (Vahlco) lacked the capacity to bring an action in this Court.

By notices of deficiency each dated August 2, 1988, respondent determined a deficiency in the income tax of Vahlco for its fiscal year ended March 31, 1970, and deficiencies of Vahlco as successor to each of three other corporations for years ending in 1967, 1968, and 1969. A petition in each case was filed by Vahlco and signed by Mr. F.H. Vahlsing, Jr., as president of Vahlco in October 1988. Each petition alleged that petitioner, Vahlco, is a corporation organized and existing under the laws of the State of Texas with its principal office in McAllen, Texas. In his

---

[1] Cases of the following petitioners are consolidated herewith: Vahlco Corp., docket No. 26672-88, Vahlco Corp., Successor to Vahlsing Construction Corp., docket No. 26832-88, and Vahlco Corp.; Successor to Vahlco Engineering & Contracting Corp., docket No. 26833-88.

answer to each petition, respondent admitted the allegation that petitioner, Vahlco, is a corporation organized and existing under the laws of the State of Texas.

These cases were initially set for trial in February 1990 and on petitioner's motion were continued. In the motion for continuance signed by Mr. F.H. Vahlsing, Jr., as former president of former Vahlco, the statement is made that Vahlco ceased to exist as of February 21, 1983. The cases were again set for trial on March 18, 1991. There was a motion by petitioner to continue, which was denied, and trial of the cases was scheduled for March 21, 1991. When the cases were called for trial, respondent filed a motion to dismiss for lack of jurisdiction in each of these cases. In each of the motions respondent alleged that the charter of Vahlco had been forfeited on February 21, 1983, because the corporation had failed to file a current year franchise tax report or to pay its franchise tax after its right to do business had been forfeited for failure to file a franchise tax report or pay franchise tax. Respondent also alleged in each motion to dismiss for lack of jurisdiction that Vahlco's rights under the Texas Business Corporation Act Annotated article 7.12 (West 1980), had expired at the time the petitions were filed, but on brief abandoned that argument and relied solely on the ground for dismissal for lack of jurisdiction based on the provisions of Texas Tax Code Annotated, sections 171.251, 171.252, and 171.309 (West 1982).[2] Since the facts with respect to the jurisdiction of

---

[2]The sections of Tex. Tax Code Ann. (West 1982) here applicable provide as follows:

Sec. 171.001. Tax Imposed

A franchise tax is imposed on each corporation that does business in this state or that is chartered or authorized to do business in this state.

Sec. 171.201. Initial Report

(a) A corporation on which the franchise tax is imposed shall file an initial report with the comptroller containing:

(1) information showing the financial condition of the corporation on the day that is the last day of a calendar month and that is nearest to the end of the corporation's first year of business;

(2) the name and address of each officer and director of the corporation;

(3) the name and address of the agent of the corporation designated under Sec. 171.354 of this code; and

(4) other information required by the comptroller.

(b) The corporation shall file the report within 90 days after the date that the initial period established by Sec. 171.151(1) of this code ends.

Sec. 171.251. Forfeiture of Corporate Privileges

The comptroller shall forfeit the corporate privileges of a corporation on which the franchise tax is imposed if the corporation:

this Court in each case are the same and petitioner in each case is purported to be Vahlco, the cases were consolidated

(1) does not file, in accordance with this chapter and within 90 days after the date it is due, an initial report required by Sec. 171.201 of this code;

(2) does not file, in accordance with this chapter and before September 16 of the year in which it is due, an annual report that is required by Sec. 171.202 of this code;

(3) does not pay, before September 16 of the year in which it is due, a tax imposed by this chapter that is due under Sec. 171.152(c) of this code on the preceding June 15 or does not pay, before September 16, a penalty imposed by this chapter relating to that tax;

(4) does not pay, within 90 days after the date it is due, a tax imposed by this chapter that is due under Sec. 171.152 of this code on a date other than June 15 or does not pay, within those 90 days, a penalty imposed by this chapter relating to that tax; or

(5) does not permit the comptroller, the state auditor, or the state auditor's authorized representative to examine under Sec. 171.211 of this code the corporation's records.

Sec. 171.252. Effects of Forfeiture

If the corporate privileges of a corporation are forfeited under this subchapter:

(1) the corporation shall be denied the right to sue or defend in a court of this state; and

(2) each director or officer of the corporation is liable for a debt of the corporation as provided by Sec. 171.255 of this code.

Sec. 171.302. Certification by Comptroller

After the 120th day after the date that the corporate privileges of a corporation are forfeited under this chapter, the comptroller shall certify the name of the corporation to the attorney general and the secretary of state.

Sec. 171.309. Forfeiture by Secretary of State

The secretary of state may forfeit the charter or certificate of authority of a corporation if:

(1) the secretary receives the comptroller's certification under Sec. 171.302 of this code;

(2) the corporation does not revive its forfeited corporate privileges before January 1 following the date that the corporate privileges were forfeited; and

(3) the corporation does not have assets from which a judgment for any tax, penalty, or court costs imposed by this chapter may be satisfied.

Sec. 171.311. Record of Forfeiture by Secretary of State

The secretary of state shall effect a forfeiture of a corporation's charter or certificate of authority under this chapter by inscribing on the corporation's record in the secretary's office the words "Charter Forfeited" or "Certificate Forfeited," the date on which this inscription is made, and a citation to this chapter as authority for the forfeiture.

Sec. 171.312. Revival of Charter or Certificate of Authority After Forfeiture by Secretary of State

A corporation whose charter or certificate of authority is forfeited under this chapter by the secretary of state is entitled to have its charter or certificate revived and to have its corporate privileges revived if:

(1) the corporation files each report that is required by this chapter and that is delinquent;

(2) the corporation pays the tax, penalty, and interest that is imposed by this chapter and that is due at the time the request under Sec. 171.313 of this code to set aside forfeiture is made; and

(3) the forfeiture of the corporation's charter or certificate is set aside in a proceeding under Sec. 171.313 of this code.

Sec. 171.313. Proceeding to Set Aside Forfeiture by Secretary of State

(a) If a corporation's charter or certificate of authority is forfeited under this chapter by the secretary of state, a stockholder, director, or officer of the corporation at the time of the forfeiture of the charter or certificate or of the corporate privileges of the corporation may request in the name of the corporation that the secretary of state set aside the forfeiture of the charter or certificate.

(b) If a request is made, the secretary of state shall determine if each delinquent report has been filed and any delinquent tax, penalty, or interest has been paid. If each report has been filed and the tax, penalty, or interest has been paid, the secretary shall set aside the forfeiture of the corporation's charter or certificate of authority.

for hearing, briefing, and opinion on respondent's motions to dismiss for lack of jurisdiction. The hearing on the merits of the cases was continued and an evidentiary hearing held on respondent's motions to dismiss.

The facts insofar as relevant to respondent's motions show that in the early 1970s respondent commenced an investigation of Vahlco's corporate Federal income tax returns and the corporate returns of the corporations to which it was successor for the years 1967 through 1970. The files with respect to these cases were sent to the office of a conferee of the appeals division of respondent's office in 1973 and remained in that office until the date of the issuance by respondent of the notices of deficiency on August 2, 1988. During this period of time a number of consents fixing the period of limitations on assessment of liability were executed on behalf of Vahlco both with respect to its own tax liability and the tax liability of the various corporations to which it was successor. Most of these extensions of time were executed by Mr. F.H. Vahlsing, Jr., as president of Vahlco. In 1978 Mr. F.H. Vahlsing, Jr., was president and a director of Vahlco. At the time of the hearing on respondent's motion, Mr. Vahlsing was not a shareholder of Vahlco, and the record does not show whether he was ever a stockholder of Vahlco.

Vahlco was formed in 1959 or 1960 by Mr. F.H. Vahlsing. Upon the death of his father, Mr. F.H. Vahlsing, Jr., became president of Vahlco. The directors of Vahlco had not met subsequent to 1978. All the assets of Vahlco were subject to a court foreclosure proceeding in 1978, and since that proceeding, Vahlco has completely ceased to conduct business of any type.

On September 15, 1982, Vahlco's right to do business was forfeited for failure to file a franchise tax report and pay franchise taxes and on February 21, 1983, the secretary of state of the State of Texas forfeited Vahlco's corporate charter. The forfeiture of Vahlco's charter states as follows:

CAME to be considered on the date shown hereon, forfeiture of the Charter or the Certificate of Authority of the following corporation; the Secretary of State finds and determines the following:

| CORPORATION NAME | CHARTER NO. | RTDB FORFEITED | CERTIFICATE/ CHARTER FORFEITED |
|---|---|---|---|
| Vahlco Coproration | 162815-0 | 09/15/82 | 02/21/83 |

That the Comptroller of Public Accounts has notified this office that said corporation has failed to file a current year franchise tax report to establish the existence of assets from which a judgment for the franchise taxes, penalties and court costs may be satisfied.

That the Comptroller of Public Accounts has further stated that the said corporation has failed or refused to revive its right to do business prior to the first day of January next succeeding the date of forfeiture of its right to do business as provided by law.

IT IS THEREFORE ORDERED that the Charter or Certificate of Authority of the above named corporation be and the same is hereby forfeited without judicial ascertainment and made null and void, and that the proper entry be made upon the permanent files and records of such corporation to show such forfeiture as of the date hereof.

When Vahlco's privileges were forfeited on September 15, 1982, for failure to file a franchise tax report and pay franchise taxes, it ceased to have any rights of access to the courts of the State of Texas, and when its corporate charter was forfeited by the secretary of state of the State of Texas on February 21, 1983, it had no privileges as a Texas corporation except for the purpose of having its charter and right to do business reinstated. See Tex. Tax Code Ann. sec. 171.313 (West 1982).

In *M&M Constr. Co. v. Great American Ins. Co.,* 747 S.W. 2d 552, 554 (Tex. Ct. App. 1988), the court pointed out that Texas Tax Code Annotated, section 171.252, prohibits a corporation whose charter has been forfeited for nonpayment of franchise taxes from suing in the courts of Texas. The court further pointed out that the purpose of the statute is to encourage corporations to pay their taxes and that a corporation whose charter has been forfeited may obtain reinstatement of its charter and privileges by paying its delinquent taxes, together with any penalties or interest thereon, and that once a corporation pays its taxes the reinstatement of its charter will relate back and "revive whatever rights the corporation had at the time the suit was filed." 747 S.W. 2d at 555. A number of other Texas cases reach this same result. See *Speier Tire Co. v. Tom Benson Chevvway Rental & Leasing, Inc.,* 643 S.W. 2d 772

(Tex. Ct. App. 1982), and *Acme Color Art Printing Co. v. Brown,* 488 S.W. 2d 507 (Tex. Ct. App. 1972). The Texas cases are clear that while a corporation's right to do business and charter are forfeited and not reinstated the corporation cannot bring a suit in the State courts of Texas.

*Farris v. Sambo's Restaurants, Inc.,* 498 F. Supp. 143 (N.D. Tex. 1980), was a suit filed in a U.S. District Court based on diversity of citizenship. The court held in that case that the lack of capacity of a corporation to sue or be sued in the State courts of Texas was determinative of its rights in a Federal court in a diversity of citizenship case. In coming to this conclusion, the court recognized that "The Texas franchise tax provisions are revenue measures only, and are designed simply to penalize domestic and foreign corporations which accrue tax liability and fail to pay the taxes due or fail to file the required reports." *Farris v. Sambo's Restaurants, Inc., supra* at 147. Nevertheless, the court concluded that until its forfeiture of right to sue and be sued in Texas was remedied, it could not resort to use of the Federal courts in a diversity case. *Waggener Paint Co. v. Paint Distributors, Inc.,* 228 F.2d 111, 113 (5th Cir. 1955), involved a corporation incorporated in another State which had its right to do business in Texas suspended. In that case the court stated with respect to transactions within a State which had suspended the rights of a foreign corporation including denying it access to the State courts, that a suit with respect to intrastate transactions could not be maintained in a Federal court since where "a state court is not open to such a suit, a Federal court will not be." See also *Purcel v. Wells,* 236 F.2d 469 (10th Cir. 1956).

The only other Federal case involving the Texas statute to which our attention has been directed or we have found is *Hearn v. Internal Revenue Agents,* 623 F. Supp. 263 (N.D. Tex. 1985), which involved constitutional claims of illegal search and seizure. In that case the court stated that the provisions of the Texas Code do not bar use of the Federal courts in disputes over Federal constitutional rights. No explanation was given for this statement except in a footnote, referring to *Waggener Paint Co. v. Paint Distributors, Inc., supra.* However, the *Waggener Paint Co.*

case did not involve a Texas corporation with its privileges suspended in Texas. The corporation in that case was incorporated in another State so the case was dealing only with its rights with respect to transactions concluded in Texas. The corporation in that case appeared to have been a corporation with its full corporate privileges in another State.

Although we have found no cases of our Court involving the Texas statutes providing for a corporation's right to sue being forfeited for nonpayment of franchise taxes, we do have cases involving similar provisions of the California and Illinois statutes.

In *Padre Island Thunderbird, Inc. v. Commissioner,* 72 T.C. 391 (1979), we held that the provisions of an Illinois statute [that no corporation required to pay a franchise tax shall maintain any civil action until all such franchise taxes have been paid in full] prohibits the corporation so restricted from maintaining a suit in this Court. We pointed out in *Padre Island Thunderbird, Inc. v. Commissioner, supra* at 395, that "Under Rule 60(c), Tax Court Rules of Practice and Procedure, the capacity of a corporation to engage in litigation before this Court 'shall be determined by the law under which it was organized.' *Brannon's of Shawnee, Inc. v. Commissioner,* 71 T.C. 108, 111 (1978)." We concluded that because the corporation there involved was organized in Illinois, the law of Illinois determined whether that corporation had capacity to litigate in this Court. In that case we concluded that the taxpayer lacked capacity to litigate in this Court since under Illinois law it did not have capacity to litigate in Illinois. *Condo v. Commissioner,* 69 T.C. 149 (1977), involved a statute of California, similar to the provision of the Texas statute here involved, removing the capacity of a corporation to litigate for nonpayment of franchise tax. In that case, we concluded that since the taxpayer had lost its right to sue or defend a suit in the State court, it also lacked the capacity to bring an action in the Tax Court. In *Condo v. Commissioner, supra,* we discussed the case of *Mather Construction Co. v. United States,* 201 Ct. Cl. 219, 475 F.2d 1152 (1973), which held that a corporate plaintiff whose rights to sue in the State courts of California were suspended under a California

statute did not have the capacity to sue to recover money paid to an escrow account in the Court of Claims. The Court of Claims under its rule 61(b), which we stated was identical on this point to Rule 60(c), Tax Court Rules of Practice and Procedure, dismissed the case because of the suspension of the plaintiff's rights under the California statute.

In *Condo v. Commissioner, supra,* we concluded that Condo Corp. did not possess the capacity to litigate the issue of its tax liability in this Court since it did not "possess the capacity to litigate 'by the law under which is was organized.'" *Condo v. Commissioner, supra* at 152. See also *Weinstock v. Sinatra,* 379 F. Supp. 274 (C.D. Cal. 1974).

In *Padre Island Thunderbird, Inc. v. Commissioner, supra,* we recognized that the Illinois statute was enacted as a revenue measure and to assist in the collection of taxes. Nevertheless, we concluded that the absence of capacity to sue in its own State required the conclusion that the corporation also lacked capacity to bring an action in this Court. In *Padre Island Thunderbird, Inc. v. Commissioner, supra,* the corporation had obtained an order of a State court purporting to reinstate its right to sue with respect to its Federal tax liability without paying its back franchise taxes. We held that this attempt was ineffective.

In the present case, not only has Vahlco's right to litigate in Texas courts been forfeited, but its charter has been forfeited, and Vahlco had taken no action to have its charter or corporate privileges reinstated. At the time Vahlco purported to file the petitions in these cases, it no longer had a corporate charter. It had no right to bring a suit in Texas, and based on our holdings in *Padre Island Thunderbird, Inc. v. Commissioner, supra,* and *Condo v. Commissioner, supra,* we hold that Vahlco had no capacity to bring a suit in this Court at the time of the filing of the petitions in these cases.

The only support cited by petitioner for its position is *Oklahoma Contracting Co. of Texas v. Commissioner,* 153 F.2d 770 (5th Cir. 1946), reversing an order of this Court. That case involved a claim for refund of excess profits tax. The circuit court held that the law of Texas governed the

capacity of a corporation to maintain an action in this Court. The corporation involved in *Oklahoma Contracting Co. of Texas v. Commissioner, supra,* had been dissolved, and the issue was whether the Texas statute extending the corporate life for 3 years to file suit or the Texas statute providing that upon dissolution of a corporation the officers and directors of the corporation at the date of its dissolution were trustees for the creditors to marshall the corporate assets controlled its right to file a petition in this Court. The court held that since the claim for refund of excess profits tax was an asset of the corporation, the latter statute controlled. As noted, *Oklahoma Contracting Co. of Texas v. Commissioner, supra,* involved a dissolved corporation, and the Texas statutes involving dissolved corporations are different from the Texas statutes involving a corporation which had its privileges forfeited and its charter forfeited.

As was pointed out in *McGown v. Kittel,* 480 S.W. 2d 47, 50 (Tex. Ct. App. 1972):

> Forfeitures of corporate charters under the Franchise Tax Act and dissolutions of corporations under the Texas Business Corporation Act are different legal processes that are subject to different judicial treatment. 14 Tex.Jur.2d, Corporations, section 544 (1960); *Rodar Leasing Corp. of Colo. v. Wholesome Dairy Inc.,* 442 S.W. 2d 467 (El Paso, Tex.Civ.App., 1969, no writ hist.).

Therefore cases involving dissolved corporations as distinguished from corporations which have had their privileges and charters forfeited are not helpful in resolving the issue here presented.

We conclude that Vahlco lacked capacity to sue under Texas law at the time the petitions in these cases were filed, and therefore lacked capacity to bring an action in this Court. We grant respondent's motions to dismiss for lack of jurisdiction.

*Appropriate orders will be entered.*