T.C. Memo. 1996-322


UNITED STATES TAX COURT


B. JOE ROSA, JR., AN ACCOUNTANCY CORPORATION, Petitioner
v. COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 22753-95.                    Filed July 16, 1996.


B. Joe Rosa, Jr., pro se.

Peter Reilly and Thomas M. Rohall, for respondent.


MEMORANDUM OPINION


DAWSON, Judge:  This case was assigned to Chief Special

Trial Judge Peter J. Panuthos pursuant to the provisions of

section 7443A(b)(4) and Rules 180, 181, and 183.[1]   The Court

---

[1]  All section references are to the Internal Revenue Code
in effect for the year in issue, unless otherwise indicated.  All
Rule references are to the Tax Court Rules of Practice and
                                        (continued...)

agrees with and adopts the opinion of the Special Trial Judge, which is set forth below.

OPINION OF THE SPECIAL TRIAL JUDGE

PANUTHOS, Chief Special Trial Judge:  This matter is before the Court on respondent's Motion to Dismiss For Lack of Jurisdiction.  The issue for decision is whether petitioner has the capacity to file a petition for redetermination with this Court.

Background

On May 10, 1995, respondent issued three separate notices of deficiency to B. Joe Rosa, Jr., An Accountancy Corporation (petitioner), determining deficiencies in, additions to, and penalties in respect of its Federal income taxes as follows:

| Tax Year Ended | Deficiency | Additions to Tax and Penalties | | | |
|---|---|---|---|---|---|
| | | Sec. 6653(b)(1)(A) | Sec. 6653(b)(1)(B) | Sec. 6653(b)(1) | Sec. 6663(a) |
| 6/30/87 | $30,092 | $23,176 | 50% of the interest due on the deficiency | --- | --- |
| 12/31/87 | 9,163 | --- | --- | $6,872 | --- |
| 12/31/88 | 30,414 | --- | --- | 22,811 | --- |
| 12/31/89 | 37,630 | --- | --- | --- | $28,223 |
| 12/31/90 | 41,595 | --- | --- | --- | 31,196 |
| 12/31/91 | 38,502 | --- | --- | --- | 28,881 |

On November 3, 1995, B. Joe Rosa, Jr., filed a petition on behalf of petitioner contesting the notices of deficiency described above.  The first paragraph of the petition states that petitioner is a "defunct Professional Corporation".

(...continued)
Procedure.

In response to the petition, respondent filed a Motion to Dismiss for Lack of Jurisdiction asserting that the petition should be dismissed on the ground that the petition was not filed within the 90-day period prescribed in section 6213(a). Petitioner filed an objection to respondent's motion to dismiss asserting that the petition was timely filed pursuant to section 6213(f), which suspends the period for filing a petition with this Court for the period during which a taxpayer/debtor is prohibited by reason of bankruptcy from filing a petition and for 60 days thereafter. Petitioner's objection includes a statement that petitioner was dissolved under California State law prior to filing for bankruptcy. Respondent filed a reply to petitioner's objection asserting that: (1) Petitioner did not file a bankruptcy petition, and, thus, is not entitled to rely on section 6213(f); and (2) petitioner's purported dissolution under California State law would not preclude petitioner from filing a petition with this Court.

A hearing was conducted in this case in Washington, D.C. Counsel for respondent appeared at the hearing and presented a new theory in support of respondent's motion to dismiss. In particular, respondent offered evidence indicating that, rather than being dissolved, petitioner's corporate charter was suspended by the State of California as of May 3, 1993, for failure to pay State franchise taxes. Relying on Cal. Rev. & Tax Code sec. 23301(b) (West 1992), and Condo v. Commissioner, 69

T.C. 149 (1977), respondent now contends that this case should be dismissed on the ground that petitioner lacks the requisite capacity to file a petition with this Court.  See Rule 60(c).

The evidence submitted by respondent at the hearing regarding the suspension of petitioner's corporate powers was characterized by counsel for respondent as a computer "printout of Westlaw".  The document in question includes the following statement: "THIS DATA IS FOR INFORMATIONAL PURPOSES ONLY. CERTIFICATION CAN ONLY BE OBTAINED THROUGH THE SACRAMENTO OFFICE OF THE CALIFORNIA SECRETARY OF STATE."  Following the hearing, we directed respondent to file a report with the Court attaching thereto a certification from the California Secretary of State (as described in Cal. Rev. & Tax Code sec. 23302(c) (West 1992)) establishing the date of petitioner's corporate suspension under California State law.  Respondent complied with our order and filed a report with the Court with attached exhibits.  Exhibit A to respondent's report is a Certificate of Filing and Suspension issued by the California Secretary of State on May 29, 1996, stating that petitioner's corporate powers, rights, and privileges were suspended on May 3, 1993.  Exhibit B to respondent's report is a bankruptcy discharge order issued by the United States Bankruptcy Court for the Eastern District of California on June 17, 1995, in regard to the bankruptcy petition of B. Joe Rosa, Jr., and Osanna M. Rosa.  Respondent offered the latter exhibit in support of her earlier contention that

petitioner did not file a bankruptcy petition, and, therefore, petitioner cannot rely on section 6213(f) as a basis for its assertion that its petition was timely filed.

Although the record tends to show that petitioner did not file a bankruptcy petition,[2] and that the petition was not timely filed under section 6213(a), we will decide respondent's motion to dismiss by focusing on the question of petitioner's capacity to invoke this Court's jurisdiction.

Discussion

Rule 60(c) states that the capacity of a corporation to engage in litigation in this Court shall be determined by the law under which the corporation was organized. Brannon's of Shawnee, Inc. v. Commissioner, 71 T.C. 108, 111 (1978); Condo v. Commissioner, supra at 151; Great Falls Bonding Agency, Inc. v. Commissioner, 63 T.C. 304, 305 (1974). Because petitioner was organized in the State of California, we look to the law of that State to determine whether petitioner possesses the requisite capacity to invoke this Court's jurisdiction.

Cal. Rev. & Tax Code sec. 23301(b) (West 1992) provides (with exceptions not applicable here) that the corporate powers, rights, and privileges of a domestic taxpayer may be suspended if any tax due and payable upon notice and demand from the Franchise

---

[2] There is some evidence that B. Joe Rosa, Jr., and Osanna M. Rosa, individually, were in bankruptcy, but there is no evidence that petitioner/corporation was in bankruptcy.

Tax Board is not paid. Cal. Rev. & Tax Code sec. 23302(c) (West 1992) provides that the Franchise Tax Board shall transmit the names of suspended taxpayers to the California Secretary of State and the certificate of the Secretary of State shall be prima facie evidence of a taxpayer's suspension or forfeiture.

In Condo v. Commissioner, supra, a case involving facts virtually identical to those presented here, we analyzed California State law, including the statutory provisions cited above, and concluded that, because the corporate taxpayer lacked the capacity to both sue and defend against a suit in a State court, it likewise did not possess the capacity to litigate in this Court under Rule 60(c). For similar holdings, see Vahlco Corp. v. Commissioner, 97 T.C. 428 (1991) (petition filed by corporation suspended pursuant to Texas State law dismissed for lack of jurisdiction); Padre Island Thunderbird, Inc. v. Commissioner, 72 T.C. 391 (1979) (petition filed by corporation suspended pursuant to Illinois State law dismissed for lack of jurisdiction).

The record in this case establishes that petitioner's powers, rights, and privileges as a California corporation were suspended by the California Secretary of State pursuant to Cal. Rev. & Tax Code secs. 23301(b) and 23302(c) (West 1992) as of May 3, 1993. Petitioner has offered no evidence that its corporate powers have been reinstated. Consistent with Condo v. Commissioner, supra, we will grant respondent's Motion to Dismiss

for Lack of Jurisdiction on the ground that petitioner lacks the capacity under Rule 60(c) to invoke this Court's jurisdiction.[3]

To reflect the foregoing,

<u>An order granting</u>
<u>respondent's Motion to Dismiss</u>
<u>for Lack of Jurisdiction will be</u>
<u>entered</u>.

---

[3] We note that petitioner's tax liabilities may still be litigated on the merits in this Court in the event respondent later issues notice of transferee liability to the appropriate persons. Sec. 6901; <u>Great Falls Bonding Agency, Inc. v. Commissioner</u>, 63 T.C. 304, 307 (1974).